**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GREGORY A. COX,<br><br>Defendant - Appellant. | No. 15-30137<br><br>D.C. No. 2:05-cr-00202-SMJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Gregory A. Cox appeals from the district court's judgment and challenges

the sentence of 12 months and one day imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cox contends that the district court procedurally erred by lengthening his sentence in order to promote rehabilitation and by failing to explain its reasons for rejecting his arguments in favor of a within-Guidelines sentence. We review for plain error, *see United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011), and find none. Although the court did discuss its hope that Cox would deal with his substance abuse problem while in custody, it did not impose or lengthen his sentence to promote rehabilitation. *See id.* at 281. Moreover, the court adequately explained the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Cox also contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing. The district court did not abuse its discretion in imposing Cox's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Cox's repeated use of methamphetamine and failure to be deterred by a prior revocation sentence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-30137